UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JENNIE M. COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-cv-00207-JDL |
| | ) | |
| USAA CASUALTY INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO FIRST AMENDED COMPLAINT**

This matter is before the Court on Defendant's motion to amend its answer to assert failure to mitigate as an affirmative defense. (Motion, ECF No. 50.) Plaintiff does not object to the motion provided the Court amends the scheduling order to extend the discovery period, provide more time for the parties to designate expert witnesses, and extend the time for Plaintiff to amend her complaint. (Response, ECF No. 52.) Defendant opposes any modification of the scheduling order deadlines.

Following a review of the record, and after consideration of the parties' arguments, the Court grants the motion to amend without a further modification of the scheduling order deadlines.

**Discussion**

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "once as a matter of course," subject to certain time constraints. In the case of an answer, freedom to amend without leave of court is permitted within 21 days of the date

on which the answer was filed. Fed. R. Civ. P. 15(a)(1)(A). Thereafter, leave of court is required, though leave should be granted "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962). The standard is elevated, however, when the motion seeking leave to amend is filed after the deadline for amendment of the pleadings found in the court's scheduling order. A motion to amend that is filed beyond the scheduling order deadline requires an amendment of the scheduling order. To obtain an amendment of the scheduling order, a party must demonstrate "good cause." *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El– Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4). A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Id.* (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)). It falls to the court's discretion whether to grant a late motion to amend, and that discretion should be exercised on the basis of the particular facts and circumstances of the case. *Id.*

Here, the Court is satisfied that the defense was generated by information learned through discovery and that Defendant was not dilatory in requesting the amendment. The Court, therefore, concludes that Defendant has demonstrated good cause for the amendment, and will permit Defendant to file an amended answer to Plaintiff's complaint.

The Court, however, can discern no reason to extend discovery generally, reopen expert discovery, or authorize Plaintiff to amend her complaint without proposing a particular amendment. First, given that the additional defense (i.e., failure to mitigate) is based on Plaintiff's conduct, the facts that allegedly support the defense should not be unknown to Plaintiff. In addition, as set forth in the order following the Court's telephonic conference with the parties in September 2017, if a party believes that additional discovery is necessary, the party can request a further telephonic conference to discuss the discovery the party believes is necessary. As discovery proceeds, therefore, Plaintiff can request a conference to address any specific discovery requests Plaintiff believes might be necessary. Finally, if Plaintiff determines that an amendment to her complaint is warranted, Plaintiff can file an appropriate motion for the Court's consideration.

## Conclusion

Based on the foregoing analysis, the Court grants Defendant's motion for leave to amend its answer. Defendant shall file the amended answer on or before February 7, 2018. The current scheduling order deadlines shall remain in effect.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of January, 2018.