UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JENNIE M. COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:16-cv-00207-JCN |
| | ) |
| USAA CASUALTY INSURANCE COMPANY, | ) |
| | ) |
| Defendant | ) |

**ORDER ON MOTION FOR RECONSIDERATION**

Plaintiff asks the Court to reconsider its order on Plaintiff's request to reopen discovery. (Order, ECF No. 86.) In the Order, the Court denied Plaintiff's request to reopen discovery, but permitted her to supplement her expert witness designations given some recently-disclosed information from Defendant. The Court, however, did not authorize Plaintiff to designate any additional expert witnesses.

Through her motion, Plaintiff seeks the opportunity to re-designate two expert witnesses whom Plaintiff had previously designated (Helen Watts, PE, Mike Garofalo), but withdrawn. (Motion, ECF No. 89.) Plaintiff contends the re-designation is necessary because her remaining expert might be unable to address adequately the recently-disclosed information discussed in the Order.

**Discussion**

"Ordinarily, a motion for reconsideration is appropriate only if a moving party presents newly discovered evidence, if there has been an intervening change in the law, or

if the moving party can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 660 F. Supp. 2d 94, 97 (D. Me. 2009).

In this case, the gravamen of the parties' dispute is the extent of the loss Plaintiff experienced as the result of a fire that damaged her property in September 2013. At the time the Court issued the Order, the Court understood Plaintiff's current expert (Bruce Knowlton) had the expertise to testify as to the significance of the new information as it relates to the relevant liability and damages issues in the case. Following a review of the parties' submissions on the motion for reconsideration and after consideration of the information discussed during a telephonic conference with counsel on Plaintiff's motion, the Court continues to believe that the information did not materially alter the issues in the case. In addition, on the current record, the Court is not convinced that Mr. Knowlton's ability to testify to the relevant issues was altered in any material way by the disclosure of the new information. The Court, therefore, will not authorize Plaintiff to re-designate additional expert witnesses for use in Plaintiff's case-in-chief.

Plaintiff, however, should not be prejudiced by the late disclosure of the information. Plaintiff would be prejudiced if the Court's current understanding – that Mr. Knowlton has the requisite expertise to testify as to the significance of the new information as it relates to the relevant issues in the case – is erroneous. Because Defendant has represented that it might challenge the ability of Plaintiff's expert to testify to certain issues, the possibility exists that Plaintiff could be prejudiced. Accordingly, the Court will allow Plaintiff to

revisit the issue should Defendant successfully challenge the ability of Mr. Knowlton to testify about the significance of the new information to the relevant issues in the case.

## Conclusion

Based on the foregoing analysis, the Court denies Plaintiff's Motion for Reconsideration. Plaintiff, however, may ask the Court to revisit the expert witness issue in accordance with this Order.

**SO ORDERED.**

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of September, 2018.